(C.D. 2927)

John S. Connor, Inc. *v.* United States

United States Customs Court, First Division

(Decided March 20, 1967)

*Allerton deC. Tompkins* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before Oliver, Watson, and Rao, Judges

Rao, Chief Judge: The merchandise involved in these cases con-
sists of spinning wheel planters, assessed with duty at 25 per centum
ad valorem under paragraph 409 of the Tariff Act of 1930, as modified
by the Protocol of Terms of Accession by Japan to the General Agree-
ment on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, and 90
Treas. Dec. 280, T.D. 53877, as articles not specially provided for,.
partly manufactured of bamboo. It is claimed that the articles are.
properly dutiable at 16⅔ per centum ad valorem under paragraph 412
of said tariff act, as modified by the Annecy Protocol of Terms of Ac-
cession to the General Agreement on Tariffs and Trade, 84 Treas. Dec.
403, T.D. 52373, and 85 Treas. Dec. 138, T.D. 52476, as manufactures
of which wood is the component material of chief value, not specially
provided for.

Counsel have submitted these cases for decision upon a stipulation
reading as follows:

It is hereby stipulated and agreed by and between counsel for the
Plaintiff and the Assistant Attorney General for the United States,
Defendant, that the items marked "A" and initialed JFH by Examiner
J. F. Hain on the invoices accompanying the entries covered by the
protests listed in the attached Schedule A, which Schedule A is made
a part of this stipulation, which were classified under Paragraph 409,
Tariff Act of 1930 as articles not specially provided for, partly manu-
factured of bamboo, with duty at 25% ad valorem, T.D. 53865 and
T.D. 53877, consist of spinning wheel planters in chief value of wood
containing a small piece of bamboo, the same in all material respects
as the merchandise that was the subject of decision in the case *John
S. Connor, Inc. v. United States*, 54 Cust. Ct. 213, C.D. 2536 and there-
in held classifiable under Paragraph 412 of the same Act as manufac-
tures of which wood is the component material of chief value, not

specially provided for, with duty at 16⅔% ad valorem, T.D. 52373 and T.D. 52476.

It is further stipulated and agreed that the record in the case of *John S. Connor, Inc. v. United States*, C.D. 2536, be incorporated in the record in these cases, and that the protests be submitted on this stipulation.

In view of this stipulation and on the authority of the decision cited, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the examiner on the invoices accompanying the entries covered by the protests listed in schedule "A," attached hereto and made a part hereof, is properly dutiable at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as manufactures of which wood is the component material of chief value, not specially provided for.

The protests are sustained and judgment will be entered for the plaintiff.